# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| NASSER MORADI, RICHARD BUCKMAN, DOUGLAS TOMLINSON, and MATT ABBEDUTO, derivatively on behalf of LAS VEGAS SANDS CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> SHELDON GARY ADELSON, MICHAEL A. LEVEN, CHARLES D. FORMAN, IRWIN A. SIEGEL, IRWIN CHAFETZ, GEORGE P. KOO, JEFFREY H. SCHWARTZ, JASON N. ADER, <br><br> Defendants. | Case No.: 11-cv-00490-GMN-RJJ Base Case consolidated with 11-cv-00595-GMN-RJJ and 11-cv-00636-GMN-RJJ <br><br> **ORDER** |

## **INTRODUCTION**

Before the Court is Plaintiffs Matt Abbeduto, Richard Buckman, Nasser Moradi, Douglas Tomlinson's ("Moradi Plaintiffs") and Louisiana Municipal Police Employees Retirement System's ("LAMPERS") Motions to Appoint Lead Counsel.

The Moradi Plaintiffs filed the first shareholder derivative action on April 1, 2011, case number 2:11-cv-00490-GMN-RJJ. Moradi Plaintiffs filed a motion to consolidate cases and appoint lead counsel on May 18, 2011. LAMPERS filed a second derivative action on April 18, 2011, case number 2:11-cv-00595-GMN-RJJ, and John Zaremba filed a third action on April 22, 2011, case number 2:11-cv-00636-GMN-RJJ. LAMPERS filed a motion to consolidate and appoint lead plaintiff and lead counsel on May 19, 2011. On July 7, 2011,

Plaintiff Stephen Hardy was substituted as the representative plaintiff in place of John Zaremba in the third action.  Plaintiff Hardy joins in the Moradi Plaintiffs' motion to consolidate and appoint lead counsel.

The Court granted the parties' motions to consolidate on August 25, 2011 and set a hearing for the parties' motions to appoint lead plaintiff and lead counsel (ECF No. 52).  A hearing was held on October 6, 2011.  For the following reasons the Court will not appoint a lead plaintiff and will appoint the Kendall Law Group, LLP as lead counsel and Reisman Sorokac as liaison counsel.

## FACTS

Plaintiffs brought the instant suit following an investigation by the Department of Justice into Las Vegas Sands' compliance with the Foreign Corrupt Practice Act ("FCPA").  Plaintiffs allege that the Sands Board of Directors and certain of its officers breached their fiduciary duties in connection with violations of the FCPA.  Apparently that investigation was brought following a breach of contract lawsuit brought by former Sands' employee, Steven C. Jacobs against Sands on October 20, 2010.  Jacobs alleges that he was tortuously discharged after he was told to conduct illegal actions in gaining leverage in the Macau market, where Sands has a large resort.  Plaintiffs filed the instant derivative shareholder suits alleging (1) breach of fiduciary duty, (2) abuse of control, (3) waste of corporate assets, and (4) conspiracy.

## DISCUSSION

**A.    Appoint Lead Plaintiff**

LAMPERS asks the Court to appoint it as lead plaintiff in the consolidated actions.  The Moradi Plaintiffs argue that there is no need to appoint a lead plaintiff as supported by *In re Arena Pharm., Inc. S'holder Derivative Litig.*, Case No. 10-cv-2079 BTM (BLM), 2011 WL 830109, at *1-*3 (S.D. Cal. Mar. 3, 2011).  The court in *In re Arena Pharm.* recognized that while there is a statute to appoint a lead plaintiff in a securities fraud action, i.e. the Private

Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104–67, 109 Stat. 737 (1995), there is no such statue addressing the appointment of a lead plaintiff in derivative actions. *Id.* at *1.  "Rather, derivative actions must comply with Rule 23.1 of the Federal Rules of Civil Procedure, which requires only that a plaintiff in a derivative action 'fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.' Fed.R.Civ.P. 23.1." *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986, at *1 (E.D.N.Y. Sept.22, 2006).  "As explained in *In re Comverse*, because a plaintiff in a derivative action is bringing claims on behalf of a company, it is unclear what benefits there are to appointing a lead plaintiff, especially when lead counsel is appointed." *In re Arena Pharm.*, 2011 WL 830109 at *2.

The parties have failed to cite to any Ninth Circuit authority indicating that a lead plaintiff should be appointed, and as such, the Court declines to appoint a lead plaintiff.

**B.    Appoint Lead Counsel**

Courts have considered a variety of factors when appointing a lead counsel in consolidated derivate actions.  Some of these factors include: (l) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel. *In re Bank of America Corp. Sec. Derivative and ERISA Lit.*, 258 F.R.D. 260, 272 (S.D.N. Y. 2009). Some courts have also considered the criteria for appointing interim class counsel set forth in Fed. R. Civ. P. 23(g)(l): (l) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *Id.*; *In re Comverse*, 2006 WL 3761986 at * 2-3.

The Moradi Plaintiffs' ask the Court to appoint the Kendall Law Group, LLP as lead

counsel with Reisman Sorokac as liaison counsel.  Plaintiff Hardy joins in the request to have Kendall Law Group and Riesman Sorokac as lead and liaison counsel.  LAMPERS requests the appointment of Kessler Topaz Meltzer & Check, LLP as lead counsel and the Law Office of Curtis Coulter as liaison counsel.

Both the Moradi Plaintiffs and LAMPERS submitted detailed and professional complaints.  While LAMPERS' complaint exceeds the Moradi Plaintiffs' complaint by 15 pages and contains more factual detail that does not amount to the Moradi Plaintiffs' complaint being inferior.  Both parties adequately plead allegations that should survive a motion to dismiss and gave detailed reasons why a demand on the Sands Board would be futile.

The court also has no doubt that both law firms would vigorously pursue this case. However, the Court does note that LAMPERS has missed one deadline already in these early stages of filing motions.  (*See* ECF No. 38.)  Both law firms represent plaintiffs who are committed to vigorously pursue this action as well.

The Court finds most persuasive the Moradi Plaintiffs' arguments that it is best capable of pursuing this litigation.  Kendall Law Group has served as lead or liaison counsel in numerous merger & acquisition, derivative, and securities class action matters.   Kendall Law Group and Reisman Sorokac have directly participated in the recovery of substantial settlements on behalf of defrauded shareholders injured by illegal corporate activities, or shareholders denied the appropriate valuation for their equity ownership in the wake of successful and/or attempted corporate buy-outs, takeovers and other transactions involving corporate restructurings, asset sales and/or mergers and acquisitions.  Moreover, the firms' efforts have assisted in restoring many millions of dollars to corporate treasuries depleted by the illegal practices and/or breaches of fiduciary duties by their corporate officers and directors. The firms have also represented both individual and corporate defendants in numerous securities class actions, investor claim-related litigation, shareholder derivative litigation,

and/or other complex commercial litigations.  The Kendall Law Group is currently involved in three derivative suits involving the FCPA:  *Ferguson v. Raspino, et al.*, Cause No. 2010-23805 (281st Judicial District Court, Harris County, Texas); *In re Parker Drilling Company Derivative Litigation*, Cause No. 2010-34655 (61st Judicial District, Harris County, Texas); and *Neff v. Brady, et al., ex rel. Weatherford International, Ltd.*, Cause No. 2010-40764 (270th Judicial District, Harris County, Texas). (McKey June 6 Decl., ¶6, ECF No. 29–2.)

Kessler Topaz has recovered billions of dollars on behalf of investor classes and corporations in derivative actions.  Kessler Topaz has more than 90 attorneys specializing in complex shareholder litigation.  Kessler Topaz strives not only to recoup corporations' financial losses for the benefit of all shareholders, but also to achieve corporate governance changes that will hopefully prevent similar misconduct from recurring, strengthen the company and make the board of directors a more effective and responsive representative of shareholders' interest.  While Kessler Topaz has initiated an extensive campaign (over 100 shareholder derivative actions) against options backdating, LAMPERS' arguments do not reveal any experience regarding actions related to FCPA violations.

Clearly both law firms are more than qualified to handle this action.  It also appears that both firms have adequate resources to pursue the litigation.  The Court finds that Kendall Law Group is better suited however, because of its specific experience in suits involving allegations of FCPA violations.  Moreover, as the Moradi Plaintiffs were the first to file suit it would be appropriate to assign Kendall Law Group as lead counsel. *See, e.g.*, *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will consider which action was filed first for lead counsel purpose where "there is a need for an objective tie-breaker").

It is for these reasons, and the reasons expressed at the October 6, 2011 hearing, that the Court finds that the Kendall Law Group, LLP is best suited to be lead counsel for this

/ / /

consolidated action.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that KENDALL LAW GROUP, LLP is appointed as lead counsel in the consolidated action.

**IT IS FURTHER ORDERED** that REISMAN SOROKAC is appointed as liaison counsel.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a joint consolidated complaint by **close of business on November 21, 2011**.

DATED this 20th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[1] The Court rejects LAMPERS' arguments that the Court should consider the financial interest of the plaintiffs when appointing lead counsel. While such a factor may be appropriate in PSLRA actions, there is no such factor in shareholder derivative cases. *See In re Comverse*, 2006 WL 3761986 at *3 n.6.